## Young *v.* Emery, Appellant.

*Oil inspectors—Fraud—False marks—Preliminary injunction.*

On a bill in equity filed by the oil inspector of Philadelphia county to restrain defendant from using alleged false marks upon barrels and packages of oil, it appeared, from the injunction affidavits, that defendant, a dealer in oil in Philadelphia, placed upon certain of the packages of oil sold by him the name of the oil inspector of McKean county, and also upon certain other packages of oil sold by him the name and title of the oil inspector of Philadelphia county. All of the oil was inspected in McKean county, and the McKean county inspector had deputised a person in Philadelphia to place his brand upon defendant's oil. None of the oil was inspected in Philadelphia. Plaintiff therefore claimed that he was deprived of the fees, provided by the act of May 15, 1874, P. L. 189. *Held,* that a preliminary injunction restraining defendant from selling oil not inspected by plaintiff, and from using the name of the McKean county inspector, was properly granted and would not be reversed by the Supreme Court.

Argued April 4, 1893.   Appeal, No. 319, Jan. T., 1893, by defendant, Lewis Emery, trading as the Lewis Emery Oil Co., from decree of C. P. No. 4, Phila. Co. Dec. T., 1892, No. 587, granting preliminary injunction.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Bill to restrain use of oil inspector's marks.

The bill averred that plaintiff, a dealer in oil in the city of Philadelphia, sold oil without having it first tested and inspected by plaintiff, the oil inspector of Philadelphia county; that, in order to deceive complainant and the public, defendant had made or procured stencil plates containing the words: " State of Pennsylvania.   Fire Test 110.   Mahlon D. Young, Inspector; " and without any knowledge on the part of complainant used this fraudulent stencil plate to stamp the name and words aforesaid of plaintiff upon the barrels ; that defendant also stamped upon packages of oil sold by him the name of C. H. Filkins, state inspector.   The bill prayed for an injunction and an account.

From the injunction affidavits it appeared that the oil sold by the defendants was inspected in McKean county, and that

C. H. Filkins, inspector of oil of McKean county had deputised William H. Hornberger, a resident of Philadelphia, to place Filkins's brand upon barrels which had been inspected by Filkins. It also appeared that defendant had used on certain of the packages of oil sold by him the name and title of the oil inspector of Philadelphia county in the manner alleged in the bill.

The court, THAYER, P. J., granted a preliminary injunction, which was subsequently continued and modified so as to forbid defendant, his servants, etc., " from keeping for use or placing the brand of Mahlon D. Young or C. H. Filkins, inspectors of oil, on any package containing oil; and from selling or disposing of for use in the commonwealth any oil for illuminating purposes which has not been duly inspected and the packages containing which have not been duly branded; or permitting anyone to place any brands on packages containing oil in this county, unless the same has been duly inspected here."

*Errors assigned* were (1) in granting, and (2) in continuing, preliminary injunction ; (4) decree, quoting it.

*S. S. Chapman, Francis Chapman* with him, for appellant, cited : Mechem, Public Office and Officers, § 568; act of April 15, 1835, P. L. 384, §§ 13, 60, 61 ; act of April 5, 1862, P. L. 261, § 15 ; Com. v. King, 1 Whart. 456 ; Com. v. Giltinan, 64 Pa. 100 ; State v. Finch, 37 Minn. 433 ; Woodworth v. Ohio, 4 Ohio St. 488 ; State v. Baggott, 96 Mo. 63 ; Robinson's Case, 29 Tex. Ap. 186 ; Walters-Pierce Oil Co. v. State, 18 S. W. R. 57.

*Robert Alexander, Edward W. Magill*, with him, for appellee, cited: Acts of Feb. 14, 1868, P. L. 147; April 4, 1873, P. L. 60 ; May 15, 1874, P. L. 189 ; art. 3, § 27, Const.

PER CURIAM, April 17, 1893:

In the class of cases to which this appeal belongs, we purposely abstain from any expression of opinion as to the merits of the case, for the obvious reason that the facts, as they may appear after hearing and final decree in the court below, are not and, as a general rule, cannot be fully before us on appeal

from a preliminary injunction. Any premature expression of opinion as to the merits of the controversy might prove to be misleading in the further development of the case before the master, as well as on final hearing in the court below. The only question now presented for our consideration is whether the court manifestly erred in granting the preliminary injunction. As at present advised we are not satisfied that any such error was committed.

Decree affirmed and appeal dismissed, with costs to be paid by appellant.